United States District Court
Southern District of Texas

**ENTERED**
July 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **S-E-A-M,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01018** |
| | § | |
| **MIGUEL VERGARA,** *et al.,* | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is the parties' Joint Advisory (Dkt. No. 10). The advisory provides that Petitioner was removed on June 23, 2026. (*Id.* at 1). The parties assert that "[s]ince Petitioner is no longer in custody, Petitioner's habeas Petition should be dismissed as moot." (*Id.*).

While not styled a joint stipulation of dismissal, and not explicitly invoking Rule 41(a)(1)(A)(ii), the advisory seeks dismissal of Petitioner's claims for release. In substance, then, the advisory is a stipulated dismissal pursuant to Rule 41(a)(1)(A)(ii), and the Court construes it as such. Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *Id.* Here, the advisory states that Petitioner's claims should be dismissed as moot.

Because the advisory is signed by counsel for all parties who have appeared in this case, Petitioner's claims are **DISMISSED WITHOUT PREJUDICE** effective upon the filing of the Joint Advisory, (Dkt. No. 10). *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 727 (5th Cir. 2025) (noting that stipulated dismissals under Rule 41(a)(1)(A)(ii) are "effective immediately and renders subsequent action by the district court superfluous with no force or effect") (citation modified).

The Clerk of Court is hereby **DIRECTED** to terminate the case.

It is so **ORDERED**.

**SIGNED** on July 7, 2026.

_____
John A. Kazen
United States District Judge